# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8729 | **DATE** | 8/5/2002 |
| **CASE TITLE** | Zila Swab Technologies vs. Darrell W. Van Dyke, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Accordingly this Court orders: 1. That the portions of the Order to which defendants' timely objected be vacated; 2. That defendants are excused from further disclosure and production until such time as Zila provides the particularized information called for by the quoted provisions of the Illinois Trade Secrets Act; and 3. That Zila comply with defendants' outstanding request for written discovery on or before August 15, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 7 2002 | |
| | Notified counsel by telephone. | | date docketed | 63 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 8/7/2002 date mailed notice | |
| SN | courtroom deputy's initials | 02 AUG -7 PM 1:41 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZILA SWAB TECHNOLOGIES, INC., )
etc., )
 )
             Plaintiff, )
 )
   v. )  No. 01 C 8729
 )
DARRELL W. VAN DYKE, et al., )
 )
             Defendants. )

DOCKETED
AUG 7 2002

## MEMORANDUM OPINION AND ORDER[1]

Extraordinarily able Magistrate Judge Sidney Schenkier has addressed a major discovery dispute between Zila Swab Technologies, Inc. ("Zila") on the one hand and Darrell Van Dyke ("Van Dyke") and GMP Products, LLC on the other. At the end of the day he entered the Order that granted, pretty much in its entirety, the disclosures sought by Zila. Defendants have since filed timely objections to the Order, and the parties have now briefed the matter fully, making it ripe for decision.

---

[1] At the outset an apology to the litigants and their counsel is extended for this Court's failure to address, before now, defendants' request for review of Magistrate Judge Sidney Schenkier's April 25, 2002 order ("Order"), entered pursuant to the referral to him of a discovery dispute. Although this is not a justification, this Court's practice in dealing with the large number of contested motions that are submitted for its consideration is to maintain a comprehensive list, complete with the due dates for briefing--a list that is regularly double-checked against the updates that this Court frequently obtains of a computer-generated "Pending Motions" listing. Unfortunately the mindless computer does not classify objections to a magistrate judge's order as a "Pending Motion"--hence what is discussed here slipped off the radar screen. But as soon as the subject was referred to by counsel at the last status hearing, this Court hastened to correct the oversight.

At the main core of defendants' objections is the claimed deficiency in Zila's showing of protectible trade secrets, which claim is at the heart of much of Zila's effort to gain business information that defendants say is confidential and of substantial competitive importance to them. This Court has looked to the transcript of what took place before Magistrate Judge Schenkier, as well as the Order itself, in reviewing the Magistrate Judge's decision. What that review has revealed is that defendants are right in their contention that the Magistrate Judge's focus was on the relevance of, and the asserted need for, the requested information, prescinding inquiry into the trade secret issue as such. Unfortunately the Order did not evidence a ruling on the preliminary subject of Zila's claimed entitlement in that respect.

This Court is not of course a stranger to the area of trade secret disputes. Apart from its periodic need to address the issues in oral rulings, it went into print on the subject in <u>Nilssen v. Motorola, Inc.</u>, 963 F.Supp. 664 (N.D. Ill. 1997). Just now it is dealing with another case, as well as this one, that involves the tension between a business and a former employee who has since gone into competition with the business (in this case Van Dyke was employed by a company whose assets were later acquired by Zila). As is often the case, the business seeks to eliminate that competition by restraining its ex-

employee from the use of information derived in the course of
employment.

But useful or even valuable business information does not
necessarily equate to a trade secret. As the term "secret"
denotes, the party seeking protection of such assertedly
proprietary information must not only particularize its identity
(Nilssen, 963 F.Supp. at 672 quoted one of this Court's earlier
rulings in which it found legally insufficient a "blunderbuss
statement that 'Everything you got from us was a trade secret'")
but must also specify its efforts to maintain secrecy. Thus the
Illinois Trade Secrets Act definition of "trade secret" (765 ILCS
1065/2(d) specifies the twofold requirement that the assertedly
protected information):

> (1) is sufficiently secret to derive economic
> value, actual or potential, from not being generally
> known to other persons who can obtain economic value
> from its disclosure or use; and
>
> (2) is the subject of efforts that are reasonable
> under the circumstances to maintain its secrecy or
> confidentiality.

IDX Sys. Corp. v. Epic Sys. Corp., 285 F.3d 581, 583-84 (7th
Cir. 2002), relying on such earlier cases as Composite Marine
Propellers, Inc. v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir.
1992)(per curiam), has spoken to the first requirement of
specificity. And it sounds as though Zila's supplemental
responses to defendants' repeated demands for such specificity go
well down the road of showing the "concrete secrets" to which

3

Composite, id. refers. But what is certainly lacking at this point is any showing by Zila on the second requirement, as to which Jackson v. Hammer, 274 Ill.App.3d 59, 68, 653 N.E.2d 809, 816 (4th Dist. 1995) first confirms that the common law cases on the subject provide guidance in analyzing what is required, then emphasizes the primary importance of the employer's secrecy measures (id.):

> The leading case on the issue of protecting trade secrets, ILG Industries, Inc. v. Scott (1971), 49 Ill.2d 88, 278 N.E.2d 393, held that several factors should be considered in determining whether information is a trade secret. (ILG, 49 Ill.2d at 93, 273 N.E.2d at 396.) Of these factors, the most important is whether and how an employer acts to keep the information secret.[2]

This is not to say of course that particularization in the form of fact pleading is required to overcome (say) a Fed. R. Civ. P. 12(b)(6) attack on a trade secret claim. But before a plaintiff can invade the valuable business information of a new competitor (perhaps thereby gaining a leg up in the competitive market),[3] it must provide much more than Zila has done here. It is the absence of those prerequisites to relief that requires

---

[2] [Footnote by this Court] Jackson's discussion of the earlier common law cases provides useful input as to the kind of showing a party claiming trade secret status must make to establish its right to protection.

[3] For example, Zila's listing of some 75 companies in a fashion that seeks to take them out of bounds as potential customers for defendants seems to smack of nothing more than an anticipated attempt by Zila to monopolize a market in which the parties may compete with each other.

this Court to sustain defendants' objections to the Order in their entirety.[4]

In short, this Court has been left with the definite and firm conviction that a mistake has been made by the extremely able Magistrate Judge (Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997))--not so much in terms of what the Order has provided as in what the Order has omitted as a precondition to granting relief to Zila. Accordingly this Court orders:

1. that the portions of the Order to which defendants' timely objected be vacated;

2. that defendants are excused from further disclosure and production until such time as Zila provides the particularized information called for by the quoted provisions of the Illinois Trade Secrets Act; and

3. that Zila comply with defendants' outstanding request for written discovery on or before August 15, 2002. Finally, it is understood that the parties have reached agreement that witnesses John Rowe and William Casey will be produced by Zila for depositions in Chicago at early dates to be agreed upon

---

[4] It may be that after Zila sustains *its* burden it may become entitled to part or all of the disclosures ordered by Magistrate Judge Schenkier. This Court expresses no views (let alone criticism of Judge Schenkier's analysis) on that score. But any substantive ruling in that respect must await the future.

5

by the parties.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:   August 5, 2002