IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| ZILA SWAB TECHNOLOGIES, INC. d/b/a INNOVATIVE SWAB TECHNOLOGIES, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 01 C 8729 |
| vs. | ) ) | District Judge Milton I. Shadur |
| DARRELL W. VAN DYKE and GMP PRODUCTS, LLC, | ) ) ) | |
| Defendants. | ) | |

FILED

DEC 3 0 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Friday, January 17, 2002, at 9:15 a.m., or as soon thereafter as counsel may be heard, the undersigned will appear before District Judge Milton I. Shadur, or any Judge sitting in his stead, in Room 2303 of the United States Courthouse, Everett McKinley Dirksen Building, located at 219 South Dearborn Street, Chicago, Illinois, and shall then and there present Defendants' Petition for an Award of Attorneys Fees Under Section 35 of the Lanham Act and 28 U.S.C. §1927.

Darrell W. Van Dyke and GMP Products LLC.
n/k/a Viridian Packaging Solutions, LLC

_____
One of the Attorneys for Defendants

David A. Belofsky
Douglas M. Belofsky
Lance R. Minor
BELOFSKY & BELOFSKY, P.C.
33 North Dearborn Street
Suite 2330
Chicago, IL 60602
Phone: (312) 759-3737

John M. Drews
DREWS & ASSOCIATES, P.C.
1900 Spring Road
Suite 200
Oak Brook, IL 60523
Phone: (630) 954-2875

77

## CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to the United States District Court for the Northern District of Illinois, certifies that true and correct copies of the foregoing Notice of Motion for Defendants' Petition for an Award of Attorneys Fees Under Section 35 of the Lanham Act and 28 U.S.C. §1927 were served upon the following attorneys for Plaintiff:

> Timothy M. McCarthy, Esq.
> Trexler, Busnell, Gianiorgi
> Blackstone & Marr, Ltd.
> 105 West Adams
> 36th Floor
> Chicago, IL 6063

> and

> David G. Duckworth, Esq.
> Drummond & Duckworth
> 5000 Birch Street
> Suite 440
> Newport Beach, CA 92660

by First Class Mail, proper postage prepaid, from 33 North Dearborn Street, Chicago, Illinois 60602 on the 30h day of December, 2002.

*[signature]*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

FILED
DEC 3 0 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| ZILA SWAB TECHNOLOGIES, INC. d/b/a INNOVATIVE SWAB TECHNOLOGIES, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 01 C 8729 |
| vs. | ) ) ) | District Judge Milton I. Shadur |
| DARRELL W. VAN DYKE and GMP PRODUCTS, LLC, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' PETITION FOR AN AWARD OF ATTORNEYS FEES
UNDER SECTION 35 OF THE LANHAM ACT AND 28 U.S.C. §1927**

Defendants, Darrell W. Van Dyke and GMP Products, LLC n/k/a Viridian Packaging Solutions, LLC (sometimes hereinafter "Viridian" or "the Limited Liability Company"), by their attorneys, hereby petition this Honorable Court for an award of attorneys fees against Plaintiff Zila Swab Technologies, Inc. under authority of Section 35 of the Lanham Act, 28 U.S.C. § 1117, and an award of attorneys fees against Plaintiff's counsel pursuant to 28 U.S.C. § 1927. As grounds for this petition, Defendants incorporate herein by reference the following:

    a.    Defendants' Motion for Summary Judgment on Count 1 of the Amended Complaint Consolidated with Defendants' Motion to Dismiss Count 2 of the Amended Complaint;

    b.    Memorandum of Law Submitted in Support of Defendants' Motion for Summary Judgment on Count 1 of the Amended Complaint Consolidated with Defendants' Motion to Dismiss Count 2 of the Amended Complaint;

    c.    Defendants' Rule 56.1(a)(3) Statement of Material Facts Submitted in Support of Defendants' Motion for Summary Judgment on Count 1 of Amended Complaint;

    d.    Declaration of Frederic J. Beutlich Submitted in Support of Defendants' Motion for Summary Judgment on Count 1 of Amended Complaint; and

e. Declaration of Darrell W. Van Dyke Submitted in Support of Defendants' Motion for Summary Judgment on Count 1 of Amended Complaint.

In further support of this petition, Defendants respectfully represent as follows:

1. On December 16, 2002, this Court entered an order which in material part dismissed with prejudice "[i]n accordance with Fed. R. Civ. P. 41(a)(2)" Count 1 of Plaintiff's First Amended Complaint consisting of claims arising under the Lanham Act, and otherwise dismissed without prejudice Count 2 of Plaintiff's First Amended Complaint consisting of state law claims. Defendants are thus entitled to "prevailing party" status with respect to the claims asserted in Count 1 of Plaintiff's First Amended Complaint. See Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir. 1985) ("Having already held that a dismissal with prejudice may be granted at any time in a lawsuit because it does not prejudice the defendant, we would be inconsistent to deny the defendant "prevailing party" status, since such a denial would be precisely the type of prejudice to the defendant that we claimed would not occur").

2. Count 1 of Zila's First Amended Complaint purported to allege a claim for unfair competition under Section 43(a) Lanham Act, 15 U.S.C. § 1125(a). Zila alleged that it is the common law owner of the marks "GMP" and "INNOVATIVE," and that Viridian's alleged use of those marks is likely to cause confusion as to the origin of Viridian's products. Plaintiff alleged in Paragraph 9 of its Amended Complaint that:

> GMP has used and is using, on or in connection with medical devices and/or in connection with containers for such devices, the marks "GMP" and "Innovative" and combinations thereof, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of GMP with Zila, or as to the origin, sponsorship or approval of GMP's products by Zila.

3. The allegations of Paragraph 9 of the Amended Complaint were materially untrue and/or inaccurate when made, and should have been but were not subsequently modified or withdrawn on a timely basis as additional information became available to Plaintiff and its

2

counsel through discovery and otherwise. The facts which support this conclusion are as follows:

A. Plaintiff did not at any material time use the acronym "GMP" in connection with the marketing or sale of its swab applicator packaging or product.

B. That prior to April 17, 2002, the Limited Liability Company amended its articles of organization to lawfully change its name to Viridian Packaging Solutions, LLC. Van Dyke Declaration ¶ 5.

C. That on April 17, 2002, articles of amendment changing the name of GMP Products, LLC to Viridian Packaging Solutions, LLC were filed with the Secretary of State of the State of Illinois. Van Dyke Declaration ¶ 6.

D. That the articles of amendment changing the name of the Limited Liability Company to Viridian Packaging Solutions, LLC. became effective no later than April 17, 2002. Van Dyke Declaration ¶ 6 & Exhibit B.

E. That prior to the corporate name change, the Limited Liability Company had imprinted on its stationery the name "GMP Products, LLC" and the phrase "Innovative Packaging Solutions." Van Dyke Declaration ¶ 7. Use of the aforesaid name and phrase by Defendants was unlikely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of GMP with Zila, or as to the origin, sponsorship or approval of GMP's products by Zila.

F. That coincidental with the corporate name change, the Limited Liability Company removed the name "GMP Products, LLC" and the phrase "Innovative Packaging Solutions" from its stationery. Van Dyke Declaration ¶ 8.

G. That subsequent to the corporate name change, the Limited Liability Company did not send to prospective customers any material using the name "GMP Products, LLC" or the phrase "Innovative Packaging Solutions". Van Dyke Declaration ¶ 9.

H. That the Limited Liability Company did not manufacture any product in bulk or fill any order for any customer prior to the time that it moved for summary judgment. Van Dyke Declaration ¶ 10.

I. That neither Darrell Van Dyke nor the Limited Liability Company received revenue from the sale of a single-use unit dose swab applicator or a break-tip tube prior to the time that they moved for summary judgment. Van Dyke Declaration ¶ 12.

3

J.  That the Limited Liability Company never affixed labeling to any of its prototypes or product samples that included the marks "GMP", "INNOVATIVE", "Zila" or "Innovative Swab Technologies". Van Dyke Declaration ¶¶ 13-14.

K.  That the Limited Liability Company never manufactured packaging or had packaging manufactured for any of its prototypes or product samples prior to the time that it moved for summary judgment. Van Dyke Declaration ¶ 15.

L.  That the Limited Liability Company never distributed to third-parties outside of the company any product labeling or design of product packaging for the purpose of soliciting product sales prior to the time that it moved for summary judgment. Van Dyke Declaration ¶ 16.

M.  That the Limited Liability Company never advertised its single-use self-contained unit dose swab applicator or its break-tip tube products in the mass media. The Limited Liability Company never placed any advertisement of its products in any newspaper or magazine, and never ran any advertisement of its products on any radio or television station. Van Dyke Declaration ¶ 17.

N.  That the Plaintiff markets and distributes a single-use swab applicator product under the name "Pro-Swab". Van Dyke Declaration ¶ 18 & Exhibit C; Beutlich Declaration ¶ 3.

O.  That the language of Plaintiff's print advertising and the language used on the packaging of its single-use swab applicator product includes the initials "TM" to reflect that Plaintiff claims the term "Pro-Swab" as a trademark. Van Dyke Declaration ¶ 19 & Exhibit D.

P.  That the language Plaintiff uses in its print advertising and packaging identifies the manufacturer of its single-use swab applicator product as being "Zila" and "Zila Pharmaceuticals, Inc." Van Dyke Declaration ¶ 20 & Exhibit D.

Q.  That the language of Plaintiff's print advertising and the language used on the packaging of its single-use swab applicator product includes the initial "R" to reflect that Plaintiff claims the term "Zila" as a registered trademark. Van Dyke Declaration ¶ 20 & Exhibit D.

R.  That the Plaintiff does not use the marks "GMP" or "INNOVATIVE" on the labeling or the packaging of its single-use swab applicators marketed and sold under the name Pro-Swab. Van Dyke Declaration ¶ 22 & Exhibit D; Beutlich Declaration ¶ 9.

S.  That the Plaintiff does not use the phrase "Innovative Swab Technologies" on the labeling or the packaging of its single-use swab applicators

4

marketed and sold under the name Pro-Swab. Van Dyke Declaration ¶¶ 18-19 & Exhibits C, D.

T.  That Frederic J. Beutlich has an ownership interest in Beutlich Pharmaceuticals, L.P. Beutlich Declaration ¶ 1.

U.  Beutlich Pharmaceuticals, L.P. has previously purchased single-use swab applicators in bulk from Zila Swab Technologies, Inc. for the purpose of selling its pharmaceuticals to dentists and other professionals, as well as to end users in the consumer marketplace. Beutlich Declaration ¶ 2.

V.  That Plaintiff's single-use swab applicator product marketed under the name "Pro-Swab" competes in the professional marketplace with a product marketed by Beutlich Pharmaceuticals, L.P. Beutlich Declaration ¶¶ 3-4 & Exhibit A.

W.  Beutlich Pharmaceuticals, L.P. is and has been interested in obtaining an alternative source of supply for its single-use swab applicators for the purpose of maintaining its competitiveness in the professional marketplace. Beutlich Declaration ¶ 5.

X.  That Beutlich Pharmaceuticals, L.P. has sought to purchase from the Limited Liability Company a bulk quantity of its single-use self-contained unit dose swab applicator product. Beutlich Declaration ¶ 7.

Y.  That at the time Beutlich Pharmaceuticals, L.P. sought to purchase from the Limited Liability Company a bulk quantity of its single-use self-contained unit dose swab applicator product, Beutlich Pharmaceuticals, L.P. understood the distinction between, and was not confused about the origin of, Plaintiff's products and the Limited Liability Company's products. Beutlich Declaration ¶ 7.

Z.  The Defendants did not intend by choosing the name of "GMP Products, LLC" and the slogan "Innovative Packaging Solutions" to have the Limited Liability Company palm off its goods, or to create any confusion in the marketplace. Van Dyke Declaration ¶ 23.

AA.  The Limited Liability Company adopted its former name for reasons having nothing to do with products sold by Zila Swab Technologies, Inc. Van Dyke Declaration ¶ 23.

BB.  Darrell W. Van Dyke's sole purpose in selecting the name "GMP Products, LLC" was to adopt and be associated with a generic acronym that in the packaging industry was known to primarily mean "good marketing practices." Van Dyke Declaration ¶ 23.

CC.  Darrell W. Van Dyke's sole purpose in selecting the slogan "Innovative Packaging Solutions" was to describe the Limited Liability Company's

5

use of new and creative methodology to provide packaging solutions for its prospective customers. Van Dyke Declaration ¶ 23.

4. Zila alleged in its Amended Complaint that it has been damaged "in an amount that is not yet fully ascertained or ascertainable and that such damages are irreparable," but did not and could not have sustained any compensable damages as a result of lost sales or profits due to competition from Defendants. It thus had no good faith basis upon which to seek a damage award in the amount of Viridian's profits or an award of treble the amount of damages it allegedly sustained.

5. That in addition to unreasonably and vexatiously multiplying these proceedings by making allegations having an inadequate legal and/or factual basis, Plaintiff's counsel also unreasonably and vexatiously multiplied these proceedings during the course of discovery by a) oppressively attempting to condition discovery upon a proposed form of protective order that was intended to preclude disclosure to Defendant Van Dyke of the tangible things and intangible information he was accused by Plaintiff of misappropriating; b) burdening the discovery process by withholding documents from production or otherwise by imposing conditions upon document production that were unreasonably burdensome, oppressive and expensive for Defendants; and c) otherwise unreasonably burdening and delaying the discovery process.

6. "Section 1927 clearly is punitive and thus must be construed strictly. A court may impose section 1927 fees to sanction needless delay by counsel . . . . To be liable under section 1927, counsel must have engaged in 'serious and studied disregard for the orderly process of justice.'" Knorr Brake Corp. v. Harbil, Inc., 738 F.2d 223, 226 (7th Cir. 1984) (citations omitted) (quoting Overnite Transp. Co. v. Chicago Indus. Tire Co., 697 F.2d 789, 795 (7th Cir. 1983).

6

7. It is respectfully submitted that this case was litigated by Plaintiff and its counsel from inception in a protracted and vexatious manner that was intended to unreasonably burden and oppress Defendants, and make it that much more difficult for Defendants to lawfully compete against Plaintiff in the marketplace.

8. This is an exceptional case that merits an award of attorneys fees under Section 35 of the Lanham Act, 28 U.S.C. § 1117.

9. Pursuant to Fed. R. Civ. P. 54(d)(2)(B), Defendants respectfully aver that a fair estimate of the amount sought by this petition, exclusive of claims for fees and expenses sought as sanctions under 28 U.S.C. § 1927, is in excess of $50,000.00; a recapitulation of which is in the process of being compiled.

10. Defendants shall hereafter seasonably file a memorandum of law and such other supporting papers as may be germane and necessary for the evidentiary foundation of this petition.

WHEREFORE, Defendants, Darrell W. Van Dyke and GMP Products, LLC n/k/a Viridian Packaging Solutions, LLC respectfully pray that this Honorable Court enter an appropriate award of attorneys fees against Plaintiff Zila Swab Technologies, Inc. under authority of Section 35 of the Lanham Act, 28 U.S.C. § 1117, and an award of attorneys fees

against Plaintiff's counsel pursuant to 28 U.S.C. § 1927.

> Respectfully submitted,
>
> Darrell W. Van Dyke and
> GMP Products, LLC n/k/a
> Viridian Packaging Solutions, LLC
>
> By: _____
> One of their Attorneys

David A. Belofsky
Douglas M. Belofsky
Lance R. Minor
BELOFSKY & BELOFSKY, P.C.
33 North Dearborn Street
Suite 2330
Chicago, IL 60602
(312) 759-3737

John M. Drews
DREWS & ASSOCIATES, P.C.
1900 Spring Road
Suite 200
Oak Brook, IL 60523
(630) 954-2875

8

## CERTIFICATE OF SERVICE

The undersigned, an attorney duly admitted to the United States District Court for the Northern District of Illinois, certifies that true and correct copies of the foregoing Defendants' Petition for an Award of Attorneys Fees Under Section 35 of the Lanham Act and 28 U.S.C. §1927 were served upon the following attorneys for Plaintiff:

> Timothy M. McCarthy, Esq.
> Trexler, Busnell, Gianiorgi
> Blackstone & Marr, Ltd.
> 105 West Adams
> 36th Floor
> Chicago, IL 6063
>
> and
>
> David G. Duckworth, Esq.
> Drummond & Duckworth
> 5000 Birch Street
> Suite 440
> Newport Beach, CA 92660

by First Class Mail, proper postage prepaid, from 33 North Dearborn Street, Chicago, Illinois 60602 on the 30h day of December, 2002.

*[signature]*

9