Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 8729 | DATE | 3/31/2003 |
| CASE TITLE | Zila Swab Technologies vs. Darrell W. Van Dyke, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 5 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 03 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 91 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | 3/31/2003 date mailed notice | |
| JD | courtroom deputy's initials | 03 MAR 31 PM 4:42 Date/time received in central Clerk's Office | JD mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZILA SWAB TECHNOLOGIES, INC.,
etc.,

        Plaintiff,

v.                            No. 01 C 8729

DARRELL W. VAN DYKE, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

After Zila Swab Technologies, Inc. ("Zila") had effectively said "we surrender" in its action against Darrell Van Dyke ("Van Dyke") and GMP Products, LLC (now Viridian Packaging Solutions, LLC)[1] by dismissing (1) its Lanham Act claim[2] with prejudice and (2) its supplemental-jurisdiction state law claims without prejudice, Viridian moved for an award of attorneys' fees and expenses under Section 35 (15 U.S.C. §1117) and 28 U.S.C. §1927. Successive and extensive briefing by the parties has made that motion ripe for decision.

It should be said at the outset that each side has engaged in some aspects of the impermissible hyperbole that too often

---

[1] For convenience both defendants will collectively be referred to in this opinion as "Viridian," treated as a singular noun.

[2] Zila's federal-question claim was advanced under Lanham Act §43(a), 15 U.S.C. §1125(a). Further citations to the Lanham Act will simply take the form "Section --," referring to the numbering within the Lanham Act and not to the Title 15 numbering.

marks lawyers' submissions. Just one example on each side will be cited, though these are by no means exhaustive. On the one hand, Viridian seeks to taint Zila's conduct as having been improper from the very outset, relying for that purpose on the false premise that as a matter of law no Section 43(a) claim can arise unless an assertedly infringing trademark is placed on goods in commerce. On the other hand, Zila incorrectly asserts that it remained entitled to proceed with its Section 43(a) action until Viridian had removed, from the very small sign that identified the two companies that were located in the small industrial building where Viridian is housed, the words "GMP Products, LLC" (that was the name under which Viridian was originally organized, and that name constitutes one of the asserted infringements charged by Zila).

When the underbrush of those and other non-outcome-determinative matters is cleared away, however, the issues become more clear. This Court finds that Zila did have a legitimate concern and predicate for bringing this action in the first instance, because it had a reasonable good faith belief that Viridian was then infringing its "GMP" and "Innovative" marks by soliciting business under those names.[3] But that level of

---

[3] This is said despite the fact that Zila itself apparently did not use either of those marks on its own goods (see App. 1, which this Court has previously attached as an appendix to its November 12, 2002 memorandum order). Although that certainly appear to raise a question whether Zila could

2

legitimacy had a limited life, for it soon became obvious that Zila could never demonstrate an actual violation of its trademark rights by Viridian's placement of the protected marks (or confusingly similar marks) on any goods at all, let alone by Viridian's sale of any goods so marked in commerce. Instead Viridian promptly abandoned any use of "GMP" or "Innovative Packaging Solutions" (1) by changing the limited liability company's name and by removing the name and phrase from its stationery -- something that it did within a few months after this action was brought -- and (2) by <u>never</u> using either of the claimed marks in connection with any goods or packaging. And at that point Zila, having sustained no damage of any sort before that abandonment, no longer had any good faith basis for pursuing the litigation.

This is made even more plain when Zila's other conduct in connection with this litigation is examined. Its claim that it had suffered an infringement of some trade secrets (Van Dyke had been its President before he left to engage in his own proposed start-up business) was never validated even in terms of its own beliefs, let alone by its identifying any such trade secrets despite having been given numerous opportunities to do so. And the unjustified breadth of Zila's efforts to obtain discovery

---

appropriately raise a trademark infringement claim to begin with, Viridian's counsel has never posed an objection in those terms, so this opinion merely mentions the matter in passing.

3

from Viridian are reflective of its desire to gain a leg up in its competitive posture vis-a-vis Viridian by obtaining the latter's confidential business information, rather than those demands having any bona fide connection to this action as a legitimate lawsuit.

It is against that framework that Viridian's motion for an award of attorneys' fees and expenses must be viewed. To begin with, Zila's dismissal of its Lanham Act claim <u>with prejudice</u> clearly makes Viridian the "prevailing party" for purposes of considering such an award. Although the parties have called upon other authorities in advancing their conflicting arguments on that score, this Court has found most compelling our own Court of Appeals' exposition of that subject in the course of contrasting such a with-prejudice dismissal with a voluntary without-prejudice dismissal under Fed.R.Civ.P. ("Rule") 41(a)(1)(i) -- here is the relevant excerpt from <u>Szabo Food Serv., Inc. v. Canteen Corp.</u>, 823 F.2d 1073, 1076-77 (7th Cir. 1987)(citations omitted):

> A dismissal without prejudice under Rule 41(a)(1)(i) does not decide the case on the merits. The plaintiff may refile the complaint (or, as Szabo-Digby did here, file a redacted complaint in a different court). The defendant remains at risk. A dismissal under Rule 41(a) is unlike a dismissal with prejudice under Rule 41(b), which enables the defendant to say that he has "prevailed". A cave-in by the defendants may support an award of fees to the plaintiff without a judicial declaration of entitlement to relief. Capitulation or settlement is the practical equivalent of success. Surrender by the plaintiff should be treated similarly.

4

Accord, 10 Moore's Federal Practice §54.171[3][c][iv], at 54-280 to 54-281 (3d ed. 2002)(footnotes and case citations omitted):

> As such, a dismissal without prejudice does not render the defendant a prevailing party for purposes of the fee-shifting statutes. Conversely, a dismissal with prejudice is an adjudication on the merits that changes the legal relationship between the plaintiff and the defendant, extinguishing whatever claim the plaintiff might have had against the defendant. Accordingly, a dismissal with prejudice makes the defendant a prevailing party.[4]

With Viridian's potential entitlement to a fee award as the "prevailing party" thus having been established, the question becomes whether that potential has become converted into actuality, either as to Zila under the auspices of Section 35 or as to its counsel under 28 U.S.C. §1927, or as to both. Again the answer is "yes" -- this time as to both of those questions -- but not as to the entirety of the services rendered by Viridian's counsel. As stated earlier, based on what has been represented to this Court as to what Zila knew about Viridian's use of the challenged marks at the outset, the lawsuit could initially have been brought in objective good faith.

---

[4] Zila has cited a few cases that contain some language that suggests otherwise. But those opinions, which disclaim the availability of fee awards to a defendant after a with-prejudice dismissal, do so on the premise that the legal services will not have to be repeated in _future_ litigation. Thus the cases have no relevance to the question whether the cost of defense counsel's past services to their clients are recoverable as sanctions under Rule 11 or 28 U.S.C. §1927 or the Lanham Act. Instead they deal with situations wholly distinguishable from the one before this Court, and they carry no persuasiveness.

5

But it is also true that it should quickly have become apparent to Zila, certainly not later than the time when it and its counsel learned that no sales of competing merchandise had been made (or even offered) by Viridian under any false indicia of origin, that the lawsuit no longer had any legitimate purpose. By that point Zila's real goal was plainly to obtain a competitive advantage over Viridian by getting confidential business information and by using the lawsuit as a pressure tactic. This action had then become an "exceptional case" within the meaning of Section 35 (see, e.g., S Indus., Inc. v. Centra 2000, Inc., 249 F.3d 625, 627-28 (7th Cir. 2001) and Door Sys., Inc. v. Pro-Line Door Sys., Inc., 126 F.3d 1028, 1031-32 (7th Cir. 1997)), and the proceedings were then being multiplied unreasonably and vexatiously so as to trigger the liability of Zila's counsel under 28 U.S.C. §1927 (see e.g., Gregory Joseph, Sanctions: The Federal Law of Litigation Abuse §23(A)(3), at 391 (3d ed. 2000) and cases cited there).[5]

This Court therefore grants Viridian's motion in principal part, although not entirely. For purposes of quantifying the award of fees and expenses, the litigants' attention is called to the provisions of this District Court's LR 54.3(d). Although LR 54.3(a) states that the rule "does not apply to motions for

---

[5] Indeed, many aspects of the manner in which Zila and its counsel dealt with their discovery obligations -- one of the major contributors to the prolonged nature of the litigation -- are comparable to what justified the sanctions award in S Indus.

sanctions under Fed.R.Civ.P. 11 or other sanctions provisions," the procedure that is called for there (though not necessarily on the same timetable) has always proved constructive in narrowing (if not in eliminating entirely) parties' disputes in generating the final numbers for fee awards in sanctions situations as well. This Court will await appropriate further submissions by the parties as soon as may prove feasible.

Milton I. Shadur
Senior United States District Judge

Date: March 31, 2003

~~such damages are irreparable." First Amended Complaint ¶ 10. Zila seeks a damage award in the amount of Viridian's profits, an award of treble the amount of damages it has allegedly sustained, and injunctive relief under Lanham Act.~~

~~Plaintiff in Count 2 of its First Amended Complaint attempts to state a claim under the Illinois Trade Secrets Act, and has alleged that supplemental jurisdiction exists for that claim under 28 U.S.C. § 1367(a). First Amended Complaint ¶ 14. Supplemental jurisdiction over Plaintiff's state law claim is based upon this Court's original jurisdiction over the Plaintiff's Lanham Act claim.[1]~~

## STATEMENT OF FACTS

The Defendant limited liability company was organized under the name of GMP Products, LLC on April 2, 2001. Thereafter, it had imprinted on its stationery the name "GMP Products, LLC" and the phrase "Innovative Packaging Solutions." No later than April 17, 2002, the Defendant limited liability company lawfully changed its name from GMP Products, LLC to Viridian Packaging Solutions, LLC, and removed the name "GMP Products, LLC" and the phrase "Innovative Packaging Solutions" from its stationery. Viridian did not thereafter send to prospective customers any material using the name "GMP Products, LLC", the phrase "Innovative Packaging Solutions", or the marks "GMP" or "INNOVATIVE".

Viridian has not to-date manufactured any product in bulk or filled any order for any customer. Nor has it sold any products or received any revenues. Viridian has only manufactured limited quantities of product prototypes and samples of a single-use unit dose swab applicator and a break-tip tube.

---

[1] Plaintiff is incapable of alternatively establishing the existence of diversity jurisdiction under 28 U.S.C. § 1332(a) because it is a citizen of the State of Illinois within the meaning of 28 U.S.C. § 1332(c)(1). Defendants are also citizens of the State of Illinois.

2

No labeling has previously been affixed to any of Viridian's prototypes or product samples. Nor has any packaging been designed or distributed for Viridian's products that could have included the marks "GMP" or "INNOVATIVE", or the name "Innovative Swab Technologies". Viridian has never advertised its single-use self-contained unit dose swab applicator or its break-tip tube products in the mass media.

Plaintiff markets and distributes a single-use swab applicator product under the name "Pro-Swab". It does not use the marks "GMP" or "INNOVATIVE" on the labeling or the packaging of its single-use swab applicators. In its advertising, Plaintiff identifies the manufacturer of its single-use swab applicator product as being "Zila" and "Zila Pharmaceuticals, Inc."

One of Plaintiff's customers, Beutlich Pharmaceuticals, L.P., previously sought to purchase from Viridian a bulk quantity of its single-use self-contained unit dose swab applicator product. No transaction has yet occurred. Beutlich Pharmaceuticals, L.P. was not in the course of attempting to purchase product from Viridian confused about the distinction between Plaintiff's products and Viridian's products. All of the products Zila Swab Technologies, Inc. has offered to sell to Beutlich Pharmaceuticals, L.P. have been identified with the name "Zila". Plaintiff's single-use swab applicator product marketed under the name "Pro-Swab" competes in the professional marketplace with a product marketed by Beutlich Pharmaceuticals, L.P.

## ARGUMENT

I. **VIRIDIAN HAS NOT USED THE MARKS "GMP" OR "INNOVATIVE" IN COMMERCE.**

Zila's First Amended Complaint alleges that

> GMP has used and is using, on or in connection with medical devices and/or in connection with containers for such devices, the marks "GMP" and "Innovative" and combinations thereof, which is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of

3